Benjamin Solter (SBN 269388)
bsolter@cbcounselor.com
Cross-Border Counselor, LLP
1115 Seal Way
Seal Beach, CA 90740
Telephone: (781) 237-5286
Facsimile: (714) 386-5368

Attorneys for Plaintiff SMITHERS FAMILY ENTERPRISES LLC

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SMITHERS FAMILY ENTERPRISES LLC, <br><br> Plaintiff, <br><br> v. <br><br> LUNO, INC., <br><br> Defendant. | Case No.: 2:26-cv-8085 <br><br> **COMPLAINT FOR:** <br> **(1) DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. DESIGN PATENT NO. D1,087,663 S** <br> **(2) DECLARATORY JUDGMENT OF INVALIDITY OF U.S. DESIGN PATENT NO. D1,087,663 S** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Smithers Family Enterprises LLC ("Smithers" or "Plaintiff"), by and through its attorneys, files this Complaint against Defendant Luno, Inc. ("Luno") and alleges as follows:

## JURISDICTION AND VENUE

1.      This is an action for a declaratory judgment that Plaintiff's products do not infringe U.S. Design Patent No. D1,087,663 S (the "'663 Patent") and that the '663 Patent is invalid, arising under the patent laws of the United States, 35

1
COMPLAINT

U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2.      This Court has subject-matter jurisdiction over the declaratory judgment claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      An immediate, real, and justiciable controversy exists between Smithers and Luno concerning whether Smithers' products infringe the '663 Patent and whether the '663 Patent is valid. Luno has asserted the '663 Patent against Smithers by submitting patent infringement Complaint ID 20701484701 to Amazon.com ("Amazon"), causing Amazon to deactivate the listings for four of Smithers' products at the height of the summer selling season. Smithers has demanded that Luno retract the Amazon complaint, and Luno has refused, insisting that Smithers' products infringe the '663 Patent and threatening to seek fees and costs if Smithers filed suit.

4.      This Court has general personal jurisdiction over Defendant Luno, Inc. because Luno is incorporated under California law.

5.      Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1), (b)(2), and (d). Luno is a California corporation. Its current California Secretary of State record lists its designated agent for service of process at an address in Santa Barbara County, and the application that issued as the '663 Patent originally identified Luno as applicant and assignee at an address in Goleta, California. Both locations are within this District. On the current record, this District is the California judicial district in which Luno has its most significant contacts, and Luno therefore resides in this District for venue purposes..

**THE PARTIES**

6.      Plaintiff Smithers Family Enterprises LLC is a limited liability company with its principal place of business at 315 W. Hilton Drive, Suite 3, St. George, Utah 84770. Smithers is the seller of record for the "Sustainable Wilderness" storefront on Amazon.com, through which it sells the D-Hive line of

inflatable air mattresses designed for camping use in the cargo areas of sport utility vehicles.

7.    Defendant Luno, Inc. is an active California stock corporation, California entity number 4169138, formed on June 28, 2018. Its current principal and mailing address is 2789 NW Lolo Drive, Bend, Oregon 97703. Its designated California agent for service of process, Peter A. Ducato, is listed at 16 San Marcos Trout Club, Santa Barbara, California 93105.

**THE '663 PATENT AND ITS PROSECUTION**

8.    On June 30, 2021, U.S. Design Patent Application No. 29/797,436, entitled "Air Mattress," was filed naming Peter A. Ducato and Alexandra T. Vaughan as inventors. The application issued as the '663 Patent on August 12, 2025, and the '663 Patent lists Luno as assignee. A true and correct copy of the '663 Patent is attached as Exhibit A.

9.    The '663 Patent contains a single claim: "An ornamental design for an air mattress, as shown and described." The claimed design is limited to the subject matter shown in solid lines in the patent's eight figures. The '663 Patent expressly states that the broken lines shown in the figures, including the arrays of rounded-square surface patches depicted on the faces of the mattress and the vehicle interior depicted in Figure 8, form no part of the claimed design.

10.    The claimed solid-line design instead concerns, among other things, the overall silhouette and proportions of two adjacent mattress bodies, their perimeter contours, shoulder transitions and wheel-well notches, center division, end contours, thickness, and the claimed solid-line or surface-shading treatment shown in the drawings.

11.    On October 17, 2024, the Patent Office rejected the application under 35 U.S.C. § 112(a) and (b), finding the drawing disclosure indefinite and non-enabled. The Office specifically identified ambiguous rounded-square features, faint and unexplained lines, and inconsistent solid-line and broken-line

3

treatment that prevented determination of the claim's scope.

12. The '663 Patent does not claim priority to any earlier application, and its effective filing date is June 30, 2021. The one-year grace period of 35 U.S.C. § 102(b)(1) therefore reaches back only to June 30, 2020 (the "Critical Date"), and disclosures made before the Critical Date, including Luno's own disclosures, are prior art under 35 U.S.C. § 102(a)(1).

13. On February 14, 2025, Luno submitted replacement drawing sheets and amended the special description. Luno stated that the replacement sheets addressed the Office's objections, that the ornamental design claimed was shown in solid lines, and that broken-line portions formed no part of the claimed design.

14. Luno also represented that the amendments added no new matter. The Office later allowed the amended claim; the Notice of Allowability stated that prior art made of record and not relied upon was considered pertinent to the applicant's disclosure.

15. Beginning no later than 2019, and more than one year before the '663 Patent's filing date, Luno publicly disclosed, publicly used, promoted, offered for sale, and sold an air mattress for SUV cargo areas known as the Luno "Signature" Air Mattress. As disclosed in 2019, the Signature Air Mattress presented the same overall visual impression later claimed in the '663 Patent, including two side-by-side mattress halves divided by a center seam, rounded rectangular cushion sections, vehicle-specific wheel-well notches, raised side edges, and the same general SUV cargo-area configuration.

16. The face of the '663 Patent identifies, among other publications, a Luno Life Facebook photograph posted in July 2019 and an August 2019 third-party YouTube video concerning an SUV air mattress. Those materials predate the June 30, 2020 Critical Date.

**THE ACCUSED D-HIVE PRODUCTS**

17. Smithers sells four D-Hive air mattress products on Amazon under

4
COMPLAINT

ASINs B0BVTDBD6Y, B0DS9M26ZJ, B0C7R81KJN, and B0CFLXKBG4 (the "D-Hive Products"). The D-Hive Products share the same internal construction and structural design. ASIN B0BVTDBD6Y is approximately 200 cm long, grey, and includes two inflatable base extenders; ASIN B0DS9M26ZJ is approximately 198 cm long, green, and includes two inflatable base extenders; ASIN B0C7R81KJN is approximately 200 cm long, grey, and is sold without base extenders; and ASIN B0CFLXKBG4 is approximately 182 cm long, grey, and includes two inflatable base extenders. True and correct photographs of the D-Hive Products are attached as Exhibit C.

18.     The D-Hive Products have been highly successful. Before the takedown alleged below, a D-Hive listing achieved a Best Sellers Rank of approximately #25 in Amazon's broad "Camping Air Mattresses" category. Based on Smithers' review of the comparable listings in that category, Smithers estimates that the D-Hive Products ranked approximately among the top three products directed to the same SUV-air-mattress use case. Smithers' sales are strongly seasonal and are concentrated in the summer camping season.

19.     Amazon's Account Health dashboard attributes to Luno's complaint "at risk" sales of $468,790 for ASIN B0BVTDBD6Y, $518,147 for ASIN B0C7R81KJN, $322,344 for ASIN B0DS9M26ZJ, and $393,764 for ASIN B0CFLXKBG4 (approximately $1.7 million in the aggregate) and rates the impact on Smithers' account health as "High."

20.     Each D-Hive Product has a designated top and bottom but is reversible and may be used on either face.

**LUNO'S AMAZON COMPLAINT AND REFUSAL TO RETRACT**

21.     On or about June 29, 2026, Luno submitted Amazon Complaint ID 20701484701, asserting that the D-Hive Products infringed the '663 Patent.

22.     On June 29, 2026, at the height of the summer selling season, Amazon deactivated the listings for all four D-Hive Products based on patent

infringement Complaint ID 20701484701, which identified the '663 Patent, identified the rights owner as Peter Ducato, and provided the contact email legal@lunolife.com. A true and correct copy of Amazon's notice to Smithers is attached as Exhibit B.

23. By June 30, 2026, after the takedown had taken full effect, sales through the affected ASINs had fallen to zero. The takedown also stranded thousands of units of Smithers' inventory in Amazon fulfillment centers and disrupted the search rankings, review momentum, and advertising performance that Smithers had built through years of effort and substantial advertising investment. Under Amazon's policies, Smithers' stranded inventory is subject to removal and disposal deadlines, and the unresolved complaint will remain on Smithers' account for 180 days, threatening further account-level consequences, including possible deactivation of Smithers' selling account.

24. Amazon's notice states that the listings will remain deactivated unless Smithers shows the complaint was in error or obtains a retraction from the rights owner, and that reactivation may be supported by "legal documentation including a court order rejecting infringement of the right owner's rights, a temporary restraining order, an injunction, or an affidavit and a non-infringement letter from legal counsel."

25. On July 6, 2026, Smithers' counsel sent Luno a demand letter, together with a package of prior art materials, demanding that Luno retract Amazon Complaint ID 20701484701 and explaining that the '663 Patent is invalid over Luno's own pre-Critical-Date disclosures or, at a minimum, is so narrow in scope that it cannot reach the D-Hive Products.

26. Luno acknowledged receipt of the demand letter on July 7, 2026. On July 8, 2026, Smithers' counsel asked Luno to state by July 10, 2026 whether it would retract the complaint, failing which Smithers would prepare a declaratory judgment action seeking declaratory and emergency relief.

27.     On July 13, 2026, Luno responded and refused to retract the complaint.

28.     In its July 13, 2026 response, Luno stated that "[t]he design depicted in the '663 Patent is a later version of Luno's air mattress" and that the claimed design "differed significantly from Luno's original design depicted in the 2019 social media posts," pointing to "a slimmer profile and elongated mattress body" and "a fitted cape of fabric on the top of the mattress." Luno nevertheless asserted, without support, that the design's "first public disclosure falls well within the one-year filing grace period," and it did not identify when the alleged later version was first publicly disclosed, publicly used, offered for sale, or sold, despite Smithers' express request that Luno identify the specific dates and features on which it relies.

## NONINFRINGEMENT

29.     The D-Hive Products do not embody the design claimed in the '663 Patent. Among other differences in the claimed solid-line features, the side regions of the D-Hive Products adjacent to their upper and lower faces are straight, whereas the corresponding regions of the design claimed in the '663 Patent are recessed inward. The proportions of the D-Hive Products also differ from those of the claimed design, including in the relative length of the wider head section, which, using the unclaimed transverse cushion rows only as a visual reference, spans five rows in the patent drawings but four in the D-Hive Products.

30.     Luno's own asserted distinctions reinforce noninfringement. The D-Hive Products do not have the "slimmer profile and elongated mattress body" that Luno says distinguish the claimed design from its 2019 product, and they also lack the claimed inwardly recessed side contours.

## PRE-CRITICAL-DATE DISCLOSURES AND INVALIDITY

31.     Because the '663 Patent was filed on June 30, 2021 and claims no earlier priority date, June 30, 2020 is the critical date for the one-year exception

in 35 U.S.C. § 102(b)(1).

32. Luno publicly displayed its split SUV air mattress repeatedly in 2019, including in social-media posts dated January 2, February 4, April 7, July 15, August 3, September 19, October 28, and November 20, 2019.

33. Those 2019 disclosures depict the same ornamental concept Luno now invokes against the D-Hive Products: two elongated side-by-side inflatable mattress halves divided by a center seam, widened vehicle-fitting sections, wheel-well accommodations, rounded perimeter edges, and a fitted SUV-cargo-area configuration.

34. A September 6, 2019 third-party forum post stated that the author had "just purchased" the Luno Life Signature Air Mattress and displayed the product installed in a vehicle. Other 2019 customer material reported that a purchaser had bought the mattress and that it fit a Subaru Ascent.

35. Each of the foregoing disclosures was made before the Critical Date, constitutes prior art under 35 U.S.C. § 102(a)(1), and is not subject to any exception under 35 U.S.C. § 102(b)(1).

36. Luno's infringement and validity positions cannot be reconciled. If the '663 Patent is construed narrowly, in light of the crowded prior art, to cover the specific ornamental features that distinguish it from Luno's own 2019 design, the D-Hive Products plainly do not infringe. If the '663 Patent were instead construed so broadly that the D-Hive Products fall within its scope, the claim would equally read on Luno's own pre-Critical-Date 2019 design and would be invalid. This alternative theory does not concede that the D-Hive Products otherwise share the claimed overall appearance; as alleged above, they differ in the claimed side contours and proportions, and in other respects.

## ONGOING AND IRREPARABLE HARM

37. During the fifty-six days immediately preceding the takedown, from May 4 through June 28, 2026, Amazon sales data for the D-Hive Products show

2,344 units sold and $263,562.88 in net sales, averaging approximately 41.9 units and $4,706 per day. The sales pace was increasing: during the final thirty days, from May 30 through June 28, 2026, the D-Hive Products sold 1,298 units and generated $146,683.44 in net sales, averaging approximately 43.3 units and $4,889 per day, compared with approximately 40.2 units and $4,495 per day during the preceding twenty-six days. Smithers' historical D-Hive sales data further show the seasonal peak: 1,245 units and $143,636.15 in net sales in June 2025, 1,446 units and $159,982.62 in July 2025, and 989 units and $112,495.25 in August 2025. The same records show only four units and $477.66 in net sales on June 29 and June 30 combined, with zero units sold through the affected ASINs on June 30 after the takedown had taken full effect.

38.    As of July 15, 2026, Amazon identified 2,994 units of the D-Hive Products as stranded inventory, with an aggregate retail value of approximately $462,860. Amazon identified August 29, 2026 as the automatic disposal date for those units if the listings remain inactive. Smithers also has approximately $100,000 of additional completed D-Hive inventory at the factory that it must pay for and take delivery of despite having no active listings during the peak selling season.

39.    Smithers made substantial investments in Amazon advertising and accumulated product-specific sales history, conversion data, and algorithmic relevance.

40.    Amazon records through July 15, 2026 reflect more than 10.7 million impressions, more than 96,000 clicks, and more than 3,100 attributed purchases for the relevant D-Hive and related campaigns. Before the takedown, a representative D-Hive listing had accumulated approximately 297 reviews and listing history dating to March 2023.

41.    The patent complaint affecting all four ASINs remains on Smithers' Account Health record, creating a continuing risk of broader restrictions or

account deactivation and impairing Smithers' relationship with Amazon. Money damages alone cannot restore the original ASIN history, rankings, reviews, placement, customer trust, peak-season opportunity, or competitive position. Smithers therefore lacks an adequate remedy at law and is suffering ongoing irreparable harm.

## FIRST CAUSE OF ACTION

### (Declaratory Judgment of Noninfringement of the '663 Patent)

42. Plaintiff realleges and incorporates by reference herein the allegations of the foregoing paragraphs.

43. Based on Luno's assertion of the '663 Patent against the D-Hive Products through Amazon Complaint ID 20701484701, Luno's refusal to retract that complaint, and Luno's continuing accusations of infringement, an actual and justiciable controversy exists between Smithers and Luno regarding whether the D-Hive Products infringe the '663 Patent.

44. To an ordinary observer familiar with the prior art, including Luno's own 2019 disclosures, the design of the D-Hive Products is not substantially the same as the design claimed in the '663 Patent. Among other things, the D-Hive Products have straight rather than inwardly recessed side contours; a wider head section that spans four rather than five transverse cushion rows, using those unclaimed rows only as a visual reference; and proportions that lack the slimmer, elongated appearance of the claimed design. The rounded-square surface patches shown in broken lines in the patent drawings form no part of the claimed design.

45. Smithers has not infringed and does not infringe the '663 Patent under 35 U.S.C. § 271 by making, using, offering to sell, selling, or importing the D-Hive Products.

46. Smithers is entitled to a judicial declaration that the D-Hive Products, including ASINs B0BVTDBD6Y, B0DS9M26ZJ, B0C7R81KJN, and B0CFLXKBG4, have not infringed and do not infringe the '663 Patent.

## SECOND CAUSE OF ACTION

### (Declaratory Judgment of Invalidity of the '663 Patent)

47.    Plaintiff realleges and incorporates by reference herein the allegations of the foregoing paragraphs.

48.    An actual and justiciable controversy exists between Smithers and Luno regarding the validity of the '663 Patent.

49.    The '663 Patent is invalid for failure to satisfy one or more of the conditions and requirements for patentability set forth in Title 35 of the United States Code, including 35 U.S.C. §§ 102, 103, and 171.

50.    The '663 Patent is invalid under 35 U.S.C. § 102(a)(1) because, if given the scope Luno asserts, the claimed design was patented, described in a printed publication, in public use, on sale, or otherwise available to the public before the Critical Date, including through Luno's own 2019 disclosures and sales of the Signature Air Mattress and the third-party disclosures identified above, none of which is subject to the exceptions of 35 U.S.C. § 102(b)(1).

51.    The '663 Patent is further invalid under 35 U.S.C. § 103 because the scope and content of the analogous prior art, the minor differences between that art and the claimed design, and the knowledge of an ordinary designer in the field of vehicle air mattresses show that those differences, including any marginal change in profile or elongation, would have been obvious, and that an ordinary designer would have had reason to make those commonplace variations to achieve the claimed overall visual appearance.

52.    In addition, to the extent the overall configuration of the claimed design, including its two-piece cargo-area configuration and wheel-well notches, is dictated by functional requirements, including fitting irregular SUV cargo spaces, allowing each half to be separately inflated and positioned, permitting access around interior structures, accommodating wheel wells, and supporting one or two sleepers, the functional aspects cannot support the broad scope Luno

asserts; and if the claimed overall appearance is primarily functional rather than ornamental, the claim is invalid under 35 U.S.C. § 171.

53.     Smithers is entitled to a judicial declaration that the claim of the '663 Patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Smithers Family Enterprises LLC prays for the Court to enter judgment and provide relief as follows:

(a) declare that the D-Hive Products, including ASINs B0BVTDBD6Y, B0DS9M26ZJ, B0C7R81KJN, and B0CFLXKBG4, have not infringed and do not infringe U.S. Design Patent No. D1,087,663 S;

(b) declare that the claim of U.S. Design Patent No. D1,087,663 S is invalid;

(c) enter temporary, preliminary, and permanent injunctive relief restraining Luno, and all persons acting in concert with it, from asserting U.S. Design Patent No. D1,087,663 S against the D-Hive Products through Amazon or any other marketplace complaint or takedown procedure;

(d) in the alternative, or to the extent necessary to effectuate the declaratory and prohibitory relief above, order Luno to submit to Amazon a complete and unconditional retraction of Complaint ID 20701484701 as to ASINs B0BVTDBD6Y, B0DS9M26ZJ, B0C7R81KJN, and B0CFLXKBG4, and to take all steps reasonably necessary to cause reinstatement of the affected listings;

(e) find this case exceptional under 35 U.S.C. § 285 and award Smithers its reasonable attorneys' fees and costs of suit; and

(f) such further and additional relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

12
COMPLAINT

Dated: July 22, 2026        CROSS-BORDER COUNSELOR, LLP

*/s/ Benjamin Solter*

Benjamin Solter (SBN 269388)
bsolter@cbcounselor.com
Cross-Border Counselor, LLP
1115 Seal Way
Seal Beach, CA 90740
Telephone: (781) 237-5286

Attorneys for Plaintiff
SMITHERS FAMILY
ENTERPRISES LLC

13
COMPLAINT